[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON POST VERDICT MOTIONS: (1) MOTION TO SET ASIDEVERDICT (2) MOTION FOR ADDITUR, (3) OBJECTION TO MOTION TO SET ASIDEVERDICT, AND (4) OBJECTION TO MOTION FOR ADDITUR
This was a hearing in damages.
In Barbieri v. Taylor, 37 Conn. Sup. 1 (1980) Justice Berdon considered the plaintiff's motion to set aside the verdict on the grounds that the award of damages was inadequate. That decision cites appropriate controlling law.
The evidential underpinnings of the verdict must be examined. The issue of whether plaintiff's damages were causally related to the negligence of defendants was hotly contested. Whether the court would have reached a different verdict is not in itself decisive. The testimony of the plaintiff provided the predicate for the jury's decision on causation. The court is unable to conclude that the jury were influenced by partiality, prejudice mistake or corruption. The verdict returned falls within the necessarily uncertain limits of just damages and does not shock the court's sense of justice.
 "to justify setting aside a verdict, something more than a doubt of its adequacy must exist." Barbieri, p. 2 above. CT Page 11535
 "When the amount of damages awarded is at issue, the relevant inquiry is whether the verdict falls within the necessarily uncertain limits of fair and reasonable confirmation or whether it so shocks the conscience as to compel the conclusion it was due to partiality, prejudice, or mistake." O'Brien v. Seyer, 183 Conn. 199, 208 (1981).
The jury's mandate in this case was to decide the dispute as to whether plaintiff's damages were casually related to the subject accident or, in part, to her entire medical history and expenses resulting therefrom.
Since plaintiff's testimony provided the "evidential underpinnings of the verdict" the jury above had the sole responsibility to decide fair, just, and reasonable damages absent any overwhelming factors as in Barbieri above.
The jury evaluated her "powers of recollection" and weighed her entire credibility. The court cannot "second guess" a jury decision absent overriding circumstances.
1.
The Motion to Set Aside the Verdict is denied.
2.
The Motion for Additur is denied.
3.
The Objection to Motion to Set Aside Verdict is sustained.
4.
The Objection to Motion for Additur is sustained.
John N. Reynolds State Trial Referee CT Page 11536